UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
CARTIER, a division of RICHEMONT
NORTH AMERICA, INC.;
CARTIER INTERNATIONAL, B.V.;
PIAGET, a division of RICHEMONT
NORTH AMERICA, INC.;
and RICHEMONT INTERNATIONAL, S.A.,      04 Civ. 4641 (RCC)(DFE)

                Plaintiffs,             REPORT AND RECOMMENDATION
                                        TO JUDGE CASEY
        -against-

THEFINESTJEWELRY.COM,LLC dba
THE FINEST JEWELRY, INC.; and
JOHN DOES 1-5 [one of whom has
been identified as ROGER KUO,
President of THEFINESTJEWELRY.COM,LLC],

                Defendants.
------------------------------------x

DOUGLAS F. EATON, United States Magistrate Judge.

    This is an uncontested inquest following a default judgment against defendant TheFinestJewelry.Com, LLC ("Finest Jewelry"). (Docket Item # 10.) The complaint was brought under the Lanham Act, 15 U.S.C. § 1117; it seeks damages for infringement of the Cartier and Piaget trademarks. The two "Cartier plaintiffs" are Cartier, a division of Richemont North America, Inc., and Cartier International, B.V. The two "Piaget plaintiffs" are Piaget, a division of Richemont North America, Inc., and Richemont International, S.A.

    Plaintiffs own the Cartier and Piaget trademarks, copyrights and patents for the high-end watches and jewelry they manufacture and sell under those names. (Compl. ¶¶ 12-38.) Defendant Finest Jewelry is a San Francisco jeweler; it sells Cartier and Piaget watches, both altered and unaltered. The defendants' alterations include: (1) mounting diamonds onto the watch cases and the bezels of genuine Cartier and Piaget watches; (2) substituting original Cartier and Piaget parts with non-Cartier and non-Piaget parts; and (3) polishing Cartier stainless steel watches to make them look like Cartier's more expensive white gold models. Plaintiffs allege that the defendants' failure to mark these alterations truthfully creates a likelihood of confusion among defendants' customers, and other recipients of the watches, and

any persons viewing the watches. Moreover, they allege that the alterations have affected the integrity of the watches, in that the drilling of the diamond settings has affected the core functions of the watch movement, including the water resistance of the case. They further allege that the defendants use diamonds and settings that are inferior to the diamonds and settings used by the plaintiffs. Plaintiffs also state that when the defendants' customers have problems with the altered watches, they ask the plaintiffs to repair them under the original warranty; however, plaintiffs' policy is to service the watches only if such customers, at their own expense, first restore them to their pre-alteration condition. (Compl. ¶¶ 40-45; Pl. Memo. pp. 2-3; 6/15/04 Bishop Decl. ¶¶ 4-17 (annexed as Exh. C to 6/6/05 Springut Decl.); 6/16/04 Destino Decl. 8-10 (annexed as Exh. C to 6/6/05 Springut Decl.).)

In June 2004, plaintiff's process server personally served Finest Jewelry's President, Roger Kuo, with the summons, the complaint, and plaintiff's motion for a preliminary injunction and expedited discovery. (Docket Item # 5.) On July 13, 2004, Judge Casey held a status conference but Finest Jewelry did not appear. His notes indicate that, on behalf of Finest Jewelry, an attorney contacted plaintiffs' counsel and advised him of the correct version of the Finest Jewelry's name. Judge Casey scheduled a new conference for July 22, 2004, and directed the plaintiffs to serve notice of the new date to Finest Jewelry and to its attorney, apparently a Mr. Steven H. Bovarnick of Hunter and Bovarnick, a San Francisco law firm. (Docket Item # 8.) On July 13, 2004, plaintiffs served such notice to Mr. Bovarnick and Mr. Kuo by facsimile and by certified mail. (Docket Item # 9, see 8/9/04 Benschar Decl. ¶ 9.) Judge Casey held the July 22, 2004 conference, but Finest Jewelry did not appear. After another status conference on August 27, 2004, Judge Casey entered a default judgment, including a permanent injunction against Finest Jewelry. He also referred the case to me to conduct an inquest and to supervise discovery relating to the identity of the John Doe defendants. (Docket Item #10.)

By order dated September 13, 2004, I directed Finest Jewelry to produce discovery relating to the identity of the John Doe defendants, and I directed Mr. Kuo to appear for a deposition. (Docket Item #12.) Neither complied with my directives. Accordingly, on October 14, 2004, Judge Casey entered an Order to Show Cause why Finest Jewelry and Mr. Kuo should not be held in contempt of Court for violating the permanent injunction. (Docket Item #13.) On November 4, 2004, Judge Casey signed an Order and Judgment of Contempt holding Finest Jewelry and Mr. Kuo in contempt for having violated both the Permanent Injunction

(Docket Item # 10) and the Order for Discovery (Docket Item # 12). He granted Cartier's application for attorney's fees in an amount to be determined. The Order also included a provision levying coercive sanctions if defendants did not cure their contempt within two weeks of the Order. (Docket Item # 15.) On January 18, 2005, Judge Casey imposed a civil contempt fine of $10,000 on Finest Jewelry and Mr. Kuo, jointly and severally. (Docket Item # 18.)

On February 22, 2005, Judge Casey denied, without prejudice, plaintiffs' Order to Show Cause why an Order of Civil Arrest should not be issued as to Roger Kuo. (Docket Item # 19.)

On May 2, 2005, I issued a Scheduling Order directing: (1) plaintiffs to serve, by June 6, 2005, an inquest memorandum setting forth (a) their proof of damages as to the infringement claims, and (b) the "costs and fees incurred on the contempt motion and the further enforcement thereof"; (2) the defendants to send me any opposing papers by June 24, 2005; and (3) the parties to appear for a hearing before me on June 30, 2005, if requested by either side. On June 6, 2005, plaintiffs filed their inquest papers. (Docket Items # 22 and # 23.) To date, I have not received any papers from Finest Jewelry or Mr. Kuo, nor have they appeared in the action.

The evidence submitted by plaintiffs shows that, prior to the initiation of this lawsuit, Finest Jewelry's website advertised 25 different models of "custom" Cartier watches, ranging in price from approximately $4,000.00 to more than $35,000.00, and 4 different models of "custom" Piaget watches ranging in price from $16,950.00 to $19,950.00. After the plaintiffs brought this lawsuit and obtained the injunction, Finest Jewelry's website stopped advertising its altered Cartier watches, but <u>continued to advertise its altered Piaget watches</u>. (6/6/05 Springut Decl. ¶¶ 8-9 and Exh. C (6/22/04 Benschar Decl. ¶¶ 2-4 and Exh. F) and Exh. D; Pl. Memo. pp. 2-3.) My law clerk's research, conducted on July 21, 2005 and again on November 2, 2005, confirms that the Finest Jewelry website is still advertising altered Piaget watches for sale. I annex to this Report copies of those ads from the Finest Jewelry website.

## DISCUSSION

Upon the entry of a default judgment, the Court accepts as true all of the facts alleged in the complaint, except those relating to the amount of damages. See *Au Bon Pain Corp. v. Artect Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). An inquest is then conducted to determine the amount of damages.

-3-

The Lanham Act provides that, at any time before final judgment is rendered, a trademark owner may elect to recover an award of statutory damages, rather than actual damages, for the use of a counterfeit mark in connection with goods or services. 15 U.S.C. § 1117(c). Statutory damages may be awarded in the amount of:

> (1) not less than $500 or more than $100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or
>
> (2) if the court finds that the use of the counterfeit mark was willful, not more than $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c).

When defendants have defaulted, then, by virtue of their default, they are deemed to be willful infringers. *Rodgers v. Anderson*, 2005 WL 950021, at *3 (Apr. 26, 2005) (Peck, M.J.); *Tiffany v. Luban*, 282 F.Supp.2d 123, 124-25 (2003) (Marrero, J.); *Rolex Watch U.S.A., Inc. v. Jones*, 2002 WL 596354, at *5 (Apr. 17, 2002) (Maas, M.J.).

In the case at bar, two registered marks, Cartier and Piaget, are at issue. Plaintiffs ask for statutory damages in the amount of $250,000.00 for the Cartier infringements and $250,000.00 for the Piaget infringements because the defendants' actions "constitute willful and intentional infringement" of the Cartier and Piaget registered trademarks. (Compl. ¶¶ 49, 54.) The Piaget plaintiffs also ask that Mr. Kuo be held jointly and severally liable for the $250,000.00 due to the fact that the altered Piaget watches are still being offered for sale by the defendants on their website, despite the permanent injunction. I find these amounts to be appropriate. The defendants have not provided any discovery with respect to their actual sales, but their website contains customer testimonials from around the United States, and also from Italy. It appears that Finest Jewelry's website advertised more models of altered Cartier watches (25) than of altered Piaget watches (4). On the other hand, after the injunction, that website stopped advertising altered Cartier watches but it continued advertising altered Piaget watches -- even after Judge Casey's 1/18/05 civil contempt fine, and even after plaintiffs mentioned this in Mr. Springut's

6/6/05 Declaration at ¶¶ 8-9.  For similar awards, see *Rodgers*, 2005 WL 950021, at *3; *Tiffany*, 282 F.Supp.2d at 125; *Rolex Watch U.S.A., Inc.*, 2002 WL 596354, at *5, and the cases cited within those cases.

### Attorneys' Fees and Costs

The Second Circuit has held that:

> The Lanham Act authorizes the award of attorney's fees to prevailing parties in "exceptional cases," 15 U.S.C. § 1117(a), which we have understood to mean instances of "fraud or bad faith," *Twin Peaks Productions v. Publications International, Ltd.*, 996 F.2d 1366, 1383 (2d Cir. 1993) (quoting *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1004 (9th Cir. 1985)), or "willful infringement," *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 854 (2d Cir. 1995).

*Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 221 (2d Cir. 2003).  Attorney's fees may also be awarded under 15 U.S.C. § 1117(b).  Although the statute is silent as to whether attorney fees may be awarded under § 1117(c), several judges in our District have awarded attorney fees under that provision.  *See Rodgers v. Anderson*, 2005 WL 950021, at *4 (S.D.N.Y. Apr. 26, 2005) (Peck, M.J.) (citing cases).  As noted above, defendants' conduct constituted willful infringement, and I believe the plaintiffs are entitled to recover their attorneys' fees.

I have reviewed Mr. Springut's affirmation and the attorney and paralegal time sheets.  I find the time spent, and the hourly rates, to be reasonable.  *See Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 315 F.Supp.2d 511, 525-26 (S.D.N.Y. 2004) (Marrero, J.) (finding that Mr. Springut's and Mr. Benschar's hourly billing rates were reasonable, given the fact that "[t]he two lawyers are experts in trademark law who have published articles on the topics at issue in this litigation.")  I also find the amount of costs consisting of $1,336.47 for the main action and $611.29 for the contempt proceedings to be reasonable.  *See Garden City Boxing Club, Inc. v. Guzman*, 2005 WL 1153728, at *4 (S.D.N.Y. Apr. 26, 2005) (Francis, M.J.) (awarding costs for the filing fee, investigative expenses, and the cost of serving process); *Gucci America*, 315 F.Supp.2d at 526 (awarding costs pertaining to Westlaw research); *Ahava (USA), Inc. v. J.W.G., Ltd.*, 286 F.Supp.2d 321, 324-25 (S.D.N.Y. 2003) (Marrero, J.)

(awarding costs for an outside investigator, LEXIS research, and the Court's filing fee).

CONCLUSION

For the reasons set forth above, I recommend that Judge Casey award judgment as follows: (1) award the Cartier plaintiffs $250,000.00 in statutory damages against TheFinestJewelry.com, LLC; (2) award the Piaget plaintiffs $250,000.00 in statutory damages against TheFinestJewelry.com, LLC and Roger Kuo, jointly and severally; (3) award $25,967.22 against TheFinestJewelry.com, LLC to reimburse plaintiffs for their attorneys' fees and costs in this lawsuit except for the contempt proceeding; and (4) award $16,755.79 against TheFinestJewelry.com, LLC and Roger Kuo, jointly and severally, to reimburse plaintiffs for their attorneys' fees and costs in the contempt proceeding. As to the amounts for (3) and (4), the Judgment should require the defendants to pay half of the amount to the Cartier plaintiffs and the other half to the Piaget plaintiffs, unless the plaintiffs specify a different division prior to the entry of judgment.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, any party may object to this recommendation within 10 business days after being served with a copy (i.e. by November 23, 2005) by filing written objections with the Clerk of the U.S. District Court and mailing copies (a) to the opposing party, (b) to the Hon. Richard C. Casey, U.S.D.J. at Room 1350, 500 Pearl Street, New York, NY 10007 and (c) to me at Room 1360, 500 Pearl Street. Failure to file objections within 10 business days will preclude appellate review. *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), and 6(e). Any request for an extension of time must be addressed to the District Judge.

_____
DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007
Telephone: (212) 805-6175
Fax: (212) 805-6181

Dated: New York, New York
November 3, 2005

Copies of this Report and Recommendation (and copies of the 7/20/05 and 11/2/05 ads for Piaget watches on the Finest Jewelry website) were sent by mail on this date to:

Tal S. Benschar, Esq.
Kalow & Springut LLP
488 Madison Avenue
New York, NY 10022

TheFinestJewelry.com LLC
c/o The Finest Jewelry, Inc.
888 Brannan St., # 191
San Francisco, CA 94103

Mr. Roger Kuo
c/o TheFinestJewelry.com, LLC
888 Brannan St., # 191
San Francisco, CA 94103

Steven H. Bovarnick, Esq.
Hunter and Bovarnick
345 Grove Street
San Francisco, CA 94102-4493

Hon. Richard C. Casey