UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARTIER, a division of RICHEMONT
NORTH AMERICA, INC.;
CARTIER INTERNATIONAL, B.V.;
PIAGET, a division of RICHEMONT
NORTH AMERICA, INC.;
and RICHEMONT INTERNATIONAL, S.A.,

          Plaintiffs,

- against -

THEFINESTJEWLERY.COM, LLC dba
THE FINEST JEWELRY, INC.; and
JOHN DOES 1-5 [one of whom has been
identified as ROGER KUO, President of
THEFINESTJEWLERY.COM, LLC]

          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/23/06

04 Civ. 4641 (RCC)

ORDER ACCEPTING
AND ADOPTING
REPORT AND
RECOMMENDATION

**RICHARD CONWAY CASEY, United States District Judge:**

Plaintiffs Cartier and Cartier International, B.V. ("Cartier Plaintiffs") and Piaget and Richemont International S.S. ("Piaget Plaintiffs") brought a complaint under the Lanham Act, 15 U.S.C. §1117, seeking damages for infringement of the Cartier and Piaget trademarks and received a default judgment against Defendant TheFinestJewlery.Com, LLC ("Finest Jewelry") on August 24, 2004. By Report and Recommendation dated November 3, 2005 ("Report"), Magistrate Judge Douglas F. Eaton recommended that the award for damages include: (1) $250,000.00 in statutory damages to the Cartier plaintiffs against TheFinestJewlery.Com, LLC; (2) $250,000.00 in statutory damages to the Piaget plaintiffs against TheFinestJewlery.Com, LLC and Roger Kuo, jointly and severally; (3) $25,967.22 against TheFinestJewlery.Com, LLC to reimburse plaintiffs for their attorneys' fees and costs in this lawsuit except for the contempt proceeding; and (4) $16,755.79 against TheFinestJewlery.Com, LLC and Roger Kuo, jointly and severally, to reimburse plaintiffs

for their attorneys' fees and costs in the contempt proceeding. As to the amounts awarded in (3) and (4), defendants were to pay half of the amount to the Cartier plaintiffs and the other half to the Piaget plaintiffs. In conformity with United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997), Rule 72(b) of the Federal Rules of Civil Procedure, and the Federal Magistrates Act, 28 U.S.C. §636(b)(1), Judge Eaton explicitly cautioned that any objections to the Report were to be received within 10 business days of service of the Report, and that failure to file timely objections to the Report would constitute a waiver of any objections.

A letter was received on November 29, 2005, from defendant Roger Kuo, requesting an extension of 30 additional days to respond to the Report and Recommendation. By an order dated November 30, 2005, I ordered Mr. Kuo that the Finest Jewelry had until December 21, 2005 to respond to Judge Eaton's Report and Recommendation. I also advised that the Court would not consider any submission made by a non-attorney on behalf of the Finest Jewelry or any submission made after December 21, 2005.

As of the date of this Order, the Court has not received any objections to the Report. A court may adopt those portions of a magistrate judge's report and recommendation that are not the product of clear error and to which the parties do not object. Pizarro v. Bartlett, 766 F. Supp. 815, 817 (S.D.N.Y. 1991); see also 28 U.S.C. § 636(b)(1). Having carefully reviewed the file in this matter, the Court is satisfied that there is no clear error on the face of the Report.

Accordingly, the Court accepts and adopts the Report in its entirety. The Clerk of the Court is directed to close the case and to remove it from the Court's active docket.

**So ordered:** New York, New York
February 23, 2006

_____
**Richard Conway Casey, U.S.D.J.**